UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MICHAEL SPEARS,

    Plaintiff,

        v.                                CAUSE NO. 2:22-CV-161-TLS-JPK

JANIS CRAFTON,

    Defendant.

## OPINION AND ORDER

Michael Spears, a prisoner without a lawyer, filed a complaint [ECF 1]. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Plaintiff alleges that, on May 17, 2017, Detective Janis Crafton failed to read him his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436 (1966). Compl. 5, ECF No. 1. He seeks $1,000,000.00 in damages. *Id.*

Any claim concerning the Plaintiff's arrest cannot proceed under 42 U.S.C. § 1983 because it is untimely. Suits filed under § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of*

*Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Claims for false arrest, excessive force, unlawful search, and similar Fourth Amendment violations accrue at the time of the violation. *Wallace v. Kato*, 549 U.S. 384 (2007); *Savory v. Cannon*, 947 F.3d 409, 427 (7th Cir. 2020) (en banc). Here, the arrest occurred in 2017. By the time the Plaintiff filed suit in 2022, more than five years had passed. Moreover, even if his claim were timely, the allegations do not state a claim. His only challenge to his arrest is that the officer did not read him his *Miranda* rights. The failure to receive *Miranda* warnings does not invalidate an arrest or provide a basis to sue under § 1983. *See Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987).

> The Constitution and laws of the United States do not guarantee [plaintiff] the right to *Miranda* warnings. They only guarantee him the right to be free from self-incrimination. The *Miranda* decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence. No rational argument can be made in support of the notion that the failure to give *Miranda* warnings subjects a police officer to liability under the Civil Rights Act [§ 1983].

*Id.* (quoting *Bennett v. Passic,* 545 F.2d 1260, 1263 (10th Cir.1976)).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on June 23, 2022

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT